**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THE GILLETTE COMPANY<br>One Gillette Park<br>Boston, MA 02127,<br><br>Plaintiff,<br><br>v.<br><br>DONALD P. MCCABE, III, individually and d/b/a dondawg00<br>33A Webster Street<br>Riverside, NJ 08075,<br><br>Defendant. | : | No. 1:16-cv-________________________ |

**COMPLAINT AND JURY DEMAND**

**PRELIMINARY STATEMENT**

This is an action by plaintiff The Gillette Company (hereinafter "Gillette"), by and through counsel, for claims against Defendant Donald P. McCabe, III, as an individual and d/b/a dondawg00 (hereinafter "Defendant"). This action seeks injunctive relief and damages from Defendant for his willful infringement of Gillette's trademark and design patent rights, for conversion, and for unjust enrichment.

**PARTIES**

1. The Gillette Company is a Delaware corporation with its principal place of business at One Gillette Park, Boston, Massachusetts 02127, and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter "P&G"), an Ohio corporation. Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Fed. R. Civ. P. 7.1.

2. Upon information and belief, Defendant Donald P. McCabe, III is an adult individual and citizen of New Jersey, with a last known address of 33A Webster Street, Riverside, New Jersey 08075.

3. Upon information and belief, Defendant operates an unincorporated entity, known as "dondawg00," for the purposes of selling items on the internet auction website Ebay.com.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over the trademark and patent claims in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as the claims arise under the patent and trademark laws of the United States including, but not limited to, Patent Act, 35 U.S.C. § 271 and Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

5. This Court has supplemental jurisdiction over the state law claims for conversion and unjust enrichment pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims within the Court's original jurisdiction that such state law claims form part of the same case or controversy, under Article III of the United States Constitution.

6. This Court further has original jurisdiction over all of the claims asserted in this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4 and under N.J. Ct. R. 4:4-4 because Defendant, upon information and belief, resides and/or transacts business in the state of New Jersey, has committed the acts alleged in this Complaint in New Jersey, and/or has regularly solicited business or derived substantial revenue from the stolen and/or infringing goods promoted, advertised, sold, used, and/or consumed in the state of New Jersey; and specifically has sold such razor blades/cartridges and dispensers/containers for razor

cartridges that are stolen and/or infringe Gillette's intellectual property in the state of New Jersey and has thus purposefully availed himself of the privilege of doing business in the state of New Jersey.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### A. Overview of Plaintiff Gillette

9. Gillette is in the business of, among other things, developing, designing, advertising, and marketing personal care/grooming products for men and women. These personal care/grooming products include a variety of shaving products for men. Gillette, as part of the P&G family, is the global market leader in razors, shaving, and razor blade and shaving products.

10. For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blades under the Fusion® brand (including Fusion®, Fusion® Power and Fusion® ProGlide brands).

11. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its trademarks and its unique, nonfunctional, and distinctive product designs.

12. Gillette is the owner of several federal registrations relating to its distinctive and famous family of Gillette® trademarks for a variety of goods.

13. Gillette is the owner of the entire right, title, and interest in and to U.S. Registration No. 0,767,865 for GILLETTE, registered April 7, 1964, for "safety razors and safety razor blades" in International Class 8 (hereinafter the "GILLETTE MARK"). A true copy

of the registration is attached hereto as *Exhibit A*. This registration is valid, subsisting, and incontestable.

14. Gillette is the owner of the entire right, title, and interest in and to U.S. Registration No. 3,099,224 for FUSION, registered May 30, 2006 for "razors and razor blades; dispensers; cassettes; holders and cartridges; all containing blades; and structural parts thereof" in Class 8 (hereinafter the "FUSION MARK"). A true copy of the registration is attached hereto as *Exhibit B*. This registration is valid, subsisting, and incontestable.

15. Gillette has engaged in open, notorious, and extensive widespread promotion and advertising of its GILLETTE MARK and FUSION MARK for a variety of goods including razors, razor blades, razor cartridges, and razor dispensers.

16. Gillette has expended substantial amounts of time, money, and effort in advertising and promoting its GILLETTE MARK and FUSION MARK over many years, and in establishing and preserving the goodwill associated therewith, and the goodwill associated with each of the GILLETTE MARK and FUSION MARK is a valuable asset to Gillette.

17. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D531,518 S ("'518 Patent"), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges." A true copy of the '518 Patent is attached hereto as *Exhibit C*.

18. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D533,684 ("'684 Patent"), issued on December 12, 2006, claiming "the ornamental design for a razor cartridge." A true copy of the '684 Patent is attached hereto as *Exhibit D*.

19. The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the ’518 Patent.

20. The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the ’684 Patent.

21. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges.

22. Gillette has established exclusive manufacturing and distribution networks for important and legitimate business reasons: protecting the validity of its intellectual property, including its trademarks and design patent rights, maintaining assurance of quality control, and avoiding product liability claims.

**B. Overview of Defendant**

23. Upon information and belief, Defendant unlawfully came into possession of packs of Gillette® Fusion® ProGlide razor cartridges (hereinafter “ProGlide Packs”) packaged by Gillette in a manner that was never intended for commercial distribution or retail sale, and never released by Gillette for commercial distribution or retail sale.

24. Upon information and belief, Defendant conducts business through the online retailer eBay.com, under the seller name “dondawg00” and delivers goods purchased from this seller under the name “Don McCabe III”.

25. Upon information and belief, Defendant offers for sale, via eBay.com, a variety of products, including razor blade cartridges, and dispensers/containers for razor blade cartridges that it claims are authentic Gillette Fusion® razor blade cartridges. Included in these offers for sale was at least one offer of packs of Gillette® Fusion® ProGlide razor cartridges (hereinafter

"ProGlide Packs") packaged by Gillette as products never commercially released by Gillette nor intended by Gillette for commercial distribution or retail sale.

26. Upon information and belief, Defendant unlawfully came into possession of these ProGlide Packs, which were never commercially released by Gillette and never intended by Gillette for commercial distribution or retail sale.

27. In the winter of 2015, Gillette became aware that Defendant was selling these ProGlide Packs under the eBay seller name "dondawg00".

28. Upon information and belief, sales made through this eBay seller name are shipped from the Defendant's Webster Street address, and the return address of such sales lists "Don McCabe III" as the sender.

29. Gillette arranged for purchases of samples of the ProGlide Packs sold by "dondawg00" on eBay.com.

30. The samples of the ProGlide Packs sold by "dondawg00" were delivered without any Gillette retail packaging; instead, the Fusion® ProGlide razor cartridges came housed only in the plastic cartridge dispensers that each hold four individual razor cartridges. Certain of these ProGlide Packs included one set of four razor cartridges packed in white cardboard boxes with a small can of ProGlide shave cream, while others did not include shave cream, consisting only of a white cardboard box containing several plastic cartridge dispensers, each holding four individual razor cartridges.

31. Gillette examined Fusion® ProGlide razor cartridges received from "dondawg00" and upon information and belief, finds that these products were stolen goods, as these products, as packaged, were never released by Gillette for commercial distribution or retail sale.

32. On January 15, 2016, Gillette, through counsel, sent a letter via Federal Express and electronic mail to Don McCabe III at the 33A Webster Street, Riverside, NJ 08075 address, notifying Defendant that the Gillette Fusion® ProGlide razor cartridges sold by "dondawg00" and distributed by "Don McCabe III" as part of the ProGlide Packs appeared to be stolen goods and demanding, *inter alia*, that such Defendant cease the sale of such stolen goods. A true copy of the letter is attached hereto as *Exhibit E*.

33. Upon information and belief, Defendant obtained these stolen goods with the intent to resell such products without the consent of, and without paying value to, Gillette.

**COUNT I**
**(Trademark Infringement of Registered Trademark "GILLETTE")**

34. Gillette restates and realleges paragraphs 1-33.

35. Gillette is the owner of U.S. Registration No. 0,767,865, for the GILLETTE MARK, which is valid, enforceable, and uncontestable.

36. The Defendant has used the GILLETTE MARK in connection with the unauthorized sale, offering for sale, distribution or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on eBay through the seller name "dondawg00".

37. Each such use of the GILLETTE MARK by Defendant was without authorization, approval, or license by Gillette.

38. As a direct and proximate result of Defendant's actions, Gillette is entitled to recover Defendant's illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

39. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendant.

40. Gillette has suffered damages in an amount to be proven at trial from the Defendant's illegal and unauthorized acts.

**COUNT II**
**(Trademark Infringement of Registered Trademark "FUSION")**

41. Gillette restates and realleges paragraphs 1-40.

42. Gillette is the owner of U.S. Registration No. 3,099,224, for the FUSION MARK, which is valid, enforceable, and uncontestable.

43. The Defendant has used the FUSION MARK in connection with the unauthorized sale, offering for sale, distribution, or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on eBay through the seller name "dondawg00".

44. Each such use of the FUSION MARK by the Defendant was without authorization, approval, or license by Gillette.

45. As a direct and proximate result of Defendant's actions, Gillette is entitled to recover Defendant's illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

46. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendant.

47. Gillette has suffered damages from the Defendant's illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**COUNT III (Patent Infringement of '518 Patent)**

48. Gillette restates and realleges paragraphs 1-47.

49. Gillette is the owner of the '518 Patent, which is valid and enforceable.

50. Gillette has not authorized Defendant to sell or offer for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof.

51. Upon information and belief, Defendant has infringed, and continues to infringe, the '518 Patent by selling, and/or offering for sale unauthorized dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, Defendant's unauthorized sale of such unauthorized goods on eBay through the seller name "dondawg00".

52. Defendant's deliberate and willful actions in infringing the design of Gillette's '518 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

53. Defendant has also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial as a result of Defendant's willful infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

54. Gillette has suffered damages from the Defendant's illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**COUNT IV (Patent Infringement of '684 Patent)**

55. Gillette restates and realleges paragraphs 1-54.

56. Gillette is the owner of the '684 Patent, which is valid and enforceable.

57. Gillette has not authorized Defendant to sell or offer for sale razor blade cartridges that apply the design of the '684 Patent or colorable imitation thereof.

58. Upon information and belief, Defendant has infringed, and continues to infringe, the ’684 Patent by selling and/or offering for sale unauthorized razor blade cartridges that apply the design of the ’684 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the sale of such unauthorized goods by the Defendant on eBay through the seller name “dondawg00”.

59. Defendant’s deliberate and willful actions in infringing the design of Gillette’s ’684 Patent, have caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

60. Defendant has also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial, as a result of Defendant’s willful infringement of Gillette’s ’684 Patent pursuant to 35 U.S.C. §§ 284 and 289.

61. Gillette has suffered damages from the Defendant’s illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**COUNT V (Conversion)**

62. Gillette restates and realleges paragraphs 1-61.

63. Defendant wrongfully converted, for his own uses, a currently unknown quantity of Gillette Fusion® ProGlide razor cartridges, the amount and value of which is to be proven at trial.

64. Defendant made such wrongful conversion intentionally, with the intent to interfere with the rights of Gillette regarding such Gillette Fusion® ProGlide razor cartridges.

65. Defendant sold such Gillette Fusion® ProGlide razor cartridges through various means, including, but not limited to, the website eBay.com, using the seller name “dondawg00”.

66. Defendant knew or should have known such products were stolen.

67. Defendant made such sales without Gillette's knowledge or consent.

68. Gillette has not received any benefit, monetary or otherwise, from the sale of these stolen goods.

69. As a direct and proximate result of Defendant's wrongful conversion, Gillette has suffered damages from the Defendant's illegal and unauthorized acts the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**COUNT VI (Unjust Enrichment)**

70. Gillette restates and realleges paragraphs 1-69.

71. Defendant wrongfully received a benefit by way of his unauthorized receipt, and subsequent sale, of stolen Gillette Fusion® ProGlide razor cartridges.

72. Gillette has not received any compensation for the wrongful benefit received by Defendant from Defendant's receipt and sale of such stolen goods.

73. If Defendant is not now required to pay Gillette in full for the value of such stolen goods, Defendant will be unjustly enriched from his illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

WHEREFORE, Gillette prays for judgment against Defendant as follows:

(a) In favor of Gillette and against the Defendant on all claims;

(b) Preliminarily and permanently enjoin and restrain Defendant against continued infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1116);

(c) Preliminarily and permanently enjoin and restrain Defendant against continued infringement of the ’518 Patent and/or the ‘684 Patent (35 U.S.C. § 283);

(d) Order an accounting for Gillette's damages and/or for Defendant's profits derived from and/or related to Defendant's infringement of the GILLETTE MARK and the FUSION

MARK (15 U.S.C. § 1117) and Defendant's infringement of the '518 Patent and/or the '684 Patent (35 U.S.C. §§ 284 and 289);

(e) Order an accounting for Gillette's damages related to the value of the converted property at the time of the conversion;

(f) Order an accounting for Gillette's damages as a measure of Defendant's profits derived from Defendant's unjust enrichment;

(g) Order an assessment of interest and costs against Defendant (35 U.S.C. § 283; 15 U.S.C. § 1117);

(h) Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. §285; 15 U.S.C. § 1117);

(i) Find that Defendant's infringement was intentional and thus treble damages and attorneys' fees are appropriate (15 U.S.C. § 1117(b)); and

(j) Award Gillette such other relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Gillette demands a trial by jury for all claims so triable.

Dated: May 10, 2016

Respectfully submitted,

**THE GILLETTE COMPANY,**

By its attorneys,

/s/ Ross G. Currie
Ross G. Currie, Esq.
NJ I.D. # 036122007
DINSMORE & SHOHL LLP
1200 Liberty Ridge Drive, Suite 310
Wayne, PA 19087
Tel.: (610) 408-6033
Fax: (610) 408-6021
ross.currie@dinsmore.com

*Of counsel:*
Karen Kreider Gaunt, Ohio Bar #0068418
*Pro hac vice motion forthcoming*
karen.gaunt@dinsmore.com
Tammy L. Imhoff, Ohio Bar #0076720
*Pro hac vice motion forthcoming*
tammy.imhoff@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Tel.: (513) 977-8503
Fax: (513) 977-8141
*Counsel for Plaintiff The Gillette Company*

10278979v2